WR-38,198-04
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/23/2015 3:50:24 PM
Accepted 9/23/2015 4:46:03 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS
# IN AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
9/23/2015
ABEL ACOSTA, CLERK

|  |  |
|---|---|
| EX PARTE JULIUS MURPHY, | ) |
|  | ) |
|  | ) |
|  | ) WRIT NO. _____ |
| APPLICANT | ) |
|  | ) |

## MOTION FOR STAY OF EXECUTION

### JULIUS MURPHY IS SCHEDULED
### TO BE EXECUTED AFTER 6:00 PM ON TUESDAY, NOVEMBER 3, 2015.

SARAH CUMMINGS
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Tel: 214.855.8000
Fax: 214.855.8200
Texas Bar No.     24094609
sarah.cummings@nortonrosefulbright.com

CATHERINE E. STETSON
  *Lead Counsel*
  *pro hac vice application pending*
KATHRYN MARSHALL ALI
  *pro hac vice application pending*
JACLYN L. DILAURO
  *pro hac vice application pending*
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Tel: 202.637.5600
Fax: 202.637.5910
cate.stetson@hoganlovells.com

*Counsel for Julius Murphy*

TO THE HONORABLE JUDGES OF THIS COURT:

Julius Murphy was convicted of capital murder and is facing an imminent execution date of November 3, 2015. At Murphy's trial, the State relied on the testimony of two critical fact witnesses: Javarrow Young and Christina Davis. The District Attorney's Office never disclosed any threats of prosecution or promises of leniency made to Young or Davis, as *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972) require.

We now know, however, that the District Attorney's office failed to make the required *Brady* disclosures regarding threats to Young and Davis that they would face charges of murder (Young) or conspiracy to commit murder (Davis) if they declined to testify for the State. Young's sworn statement attests that "the prosecutor threatened me with a murder charge and said they had enough evidence on me if I did not testify for them against Julius." Ex. 1 (Young Aff.) ¶ 10. And Davis has similarly, and separately, attested that the prosecutor "told me that if I did not testify they would charge me with conspiracy to commit murder," and that she "believed them." Ex. 2 (Davis Aff.) ¶ 13. Only after she testified did "the District Attorneys t[ell] me for the first time that I would not be charged with any crime." *Id.* ¶ 16.

This information is squarely within *Brady* and *Giglio*. And it is plainly material, because it would have allowed defense counsel to impeach and

undermine the credibility of both of the key fact witnesses who testified against Murphy. With regard to both witnesses, the District Attorney violated *Brady* and *Giglio*.

There is more. New evidence has emerged that Javarrow Young also testified *falsely* at Murphy's trial, in addition to testifying under an undisclosed threat of prosecution. Specifically, Young has sworn in an affidavit that he "did not tell the jury the whole truth" when he testified at Murphy's trial. Ex. 1 (Young Aff.) ¶ 11. The "whole truth" Young withheld from the jury was that another man, Chris Solomon, murdered the victim: Young now attests that he "*never told [the police] that Chris pulled the trigger.*" Ex. 1 (Young Aff.) ¶ 11. This bombshell squares with Young's admission to a third-party witness earlier this year that "he had made a deal and did whatever he had to do to keep himself out of trouble, including lying during his testimony at Mr. Murphy's trial." Ex. 3 (Hopson Hancock Aff.) ¶ 7. It does not matter whether the State knew or did not know that Young offered false testimony at Murphy's trial; as the Court of Criminal Appeals has explained, permitting such false testimony to stand violates a defendant's due-process rights "notwithstanding the absence of the State's knowledge of the perjured testimony at the time of trial." *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009).

In light of these new facts and the new legal basis provided by *Ex parte Chabot*, it is now clear that Murphy was not convicted on the basis of truthful testimony. He is entitled to a new trial for this reason as well.

Murphy's conviction and sentence should be set aside for yet another reason. In the years since he filed his most recent state habeas application, nationwide standards of decency have evolved to the point where Texas's death penalty no longer is constitutional under the Eighth Amendment to the United States Constitution. Due to its arbitrary application, unduly restrictive conditions of confinement, and egregious delays attending any execution, imposition of this ultimate penalty violates the Constitution.

Mr. Murphy respectfully requests that this Court stay his execution pursuant to Tex. R. of App. P. 52.10 and authorize further proceedings in the 102nd Judicial District Court pursuant to Tex. Code Crim. Proc. Art. 11.071 § 5.

**PRAYER FOR RELIEF**

For the reasons above, and those stated in his Application For Post-Conviction Writ of Habeas Corpus, Mr. Murphy requests that this Court:

1. Grant a stay of his execution, scheduled for November 3, 2015;

2. Enter an order finding that his claims satisfy the requirements of Tex. Code Crim. Proc. Art. 11.071 §5(a), and remand these claims for proceedings in the District Court; or in the alternative,

4

3. File and set this case for full briefing on the application of Article 11.071 § 5 to these proceedings.

Murphy further requests any other relief that law or justice may require.

Respectfully submitted,

SARAH CUMMINGS
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Tel: 214.855.8000
Fax: 214.855.8200
Texas Bar No. 24094609

CATHERINE E. STETSON
   *pro hac vice application pending*
KATHRYN MARSHALL ALI
   *pro hac vice application pending*
JACLYN L. DILAURO
   *pro hac vice application pending*
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Tel: 202.637.5600
Fax: 202.637.5910
cate.stetson@hoganlovells.com

*Counsel for Julius Murphy*

# CERTIFICATE OF COMPLIANCE WITH RULE 52.10

Pursuant to Tex. R. App. P. 52.10(a), I hereby certify that on September 22nd, 2015, Applicant notified all parties by telephone that a motion for temporary relief will be filed.

Sarah M. Cummings

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2015, I served via

Federal Express a true and correct copy of the foregoing pleading, with attached

exhibits, upon opposing counsel, Bowie County District Attorney, Jerry D.

Rochelle, and Assistant Attorney General of Texas, Jefferson David Clendenin.

Bowie County District Attorney's Office
Bowie County Plaza
601 Main Street
Texarkana, TX 75501

Jefferson Clendenin
Assistant Attorney General
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711

Sarah M. Cummings